# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

May 2, 2018

Phillip H. Kim, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: pkim@hanglaw.com

**VIA ECF**
Hon. Katherine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Park v. Werkstatt Development, Inc. et al
             Case No. 17-cv-5830

Dear Hon. Katherine H. Parker:

Plaintiff Kyoung Youn Park ("Plaintiff") and Defendants Werkstatt Development, Inc. and Tina Schenk (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

**Settlement Amount**

Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL"), and failure to give a wage notice at time of hire, pursuant to the NYLL.

Plaintiff was formerly employed as a patternmaker for Defendants' business. Plaintiff alleged that although she worked approximately 41-42 hours each week from February 2016 until June 16, 2017, Defendants misclassified her as an exempt employee and did not pay proper overtime for the hours over 40.

It is Plaintiff's position that if Plaintiff was to prevail on all of her FLSA claims, her unpaid wages and overtime premiums, exclusive of liquidated damages, would total approximately $5,674.00. Plaintiff is confident that she can prove his allegations through witness testimonies and documentary evidence.

Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies. Specifically, Defendants deny that Plaintiff was improperly classified as an exempt employee under the FLSA and therefore was not entitled to overtime premium. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses set forth in their Answer. Furthermore, even if it is assumed arguendo that Plaintiff was misclassified, Defendants maintain that her damages are only around $1,000 based on their time records.  (Defendants also denied Plaintiff's allegation that she was not provided with the required wage notices, pursuant to the NYLL, based on Defendants' records of such wage notices.)

Nevertheless, the parties agreed on the settlement amount of $5,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through summary judgment.

The gross settlement amount is $5,000.00, inclusive of Plaintiffs' counsel's attorneys' fees and costs of $2,133.33 with settlement payments to Plaintiff of $2,866.67. The attorney's fees and costs are allocated as follows: $1,433.33 for fees, and $700.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged violations of the FLSA. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and the parties agree that the settlement is fair and reasonable.

It should also be noted that the attached settlement agreement contains a wage hour and release only. The settlement agreement does not contain a confidentiality clause. Thus, the release is fully consistent with the decision in Cheeks.

**Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees.  Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $700.00 in filing fees, costs, and retain 33% of the remaining settlement amount of $4,300.00 as attorneys' fees, which is $1,433.33, as set forth in Paragraph 1 of the Settlement Agreement. Based on this firm's experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

The Court should find that Plaintiff's counsel's contingent fee arrangement with the Plaintiff is also fair and reasonable.  Public policy favors a common fund attorney's fee award in wage and hour cases. *Frank v. Eastman Kodak Co.*, 228 FRD 174, 189 (W.D.N.Y. 2005).  Fee awards in wage and hour cases provide incentive to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify. *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120 * 9 (S.D.N.Y. Jan. 7, 2010).  If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *McMahon v. Olivier Cheng Catering & Events, LLC*, 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010).  Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362 at 366, 2013 U.S. Dist. LEXIS 79543 (S.D.N.Y. 2013) (quoting *Wolinsky*, 900 F. Supp. 2d at 336).  Courts have found that applying the percentage-of-

recovery method is sound policy as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *In re WorldCom, Inc*. ERISA No. 02 Civ. 4816, 2005 U.S. Dist. LEXIS 28686, at *23-24 (S.D.N.Y. Nov. 21, 2005) citing (*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)).  The percentage method also promotes early resolution, s*ee, e.g. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005), and it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Id*. (internal citations omitted). Here, the contingent fee arrangement with Plaintiffs clearly aligns Plaintiffs' and Plaintiff's counsel's interest in the outcome of the litigation.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable.  Hang & Associates worked on this case since its onset, including interviewing the client, conducting legal research, attending court conferences, and negotiating with opposing counsel. Had it been billing hourly, it would have incurred an amount far greater than $1,433.33, the attorney fees that Hang & Associates is receiving in this settlement agreement. Hang & Associates therefore believes that the attorney fees in this case is reasonable.

Counsel for Plaintiffs and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court issue an order approving the Settlement Agreement as fair and reasonable, dismissing all claims against Defendants with prejudice, directing the Clerk to close the case, except that the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement.

                                                Respectfully submitted,

                                                 */s/  Phillip H. Kim*
                                                Phillip H. Kim, Esq.

Cc:    Tara Toevs Carolan, Esq., Attorney for Defendants (via ECF)